IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Jessica Carter, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SV Opco LLC and RegalCare Management Group LLC d/b/a Skyview Rehab and Nursing, <br><br> Defendants. | CIVIL ACTION NO. <br><br> JURY DEMAND |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Jessica Carter, individually and on behalf of all others similarly situated, by and through her attorneys, hereby submits this Collective and Class Action Complaint against Defendants SV Opco LLC and RegalCare Management Group LLC d/b/a Skyview Rehab and Nursing, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Jessica Carter brings this action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-58, *et seq*. and Connecticut's wage collection statutes, Conn. Gen. Stat. §§ 31-70, *et seq*. (collectively the "Connecticut Wage Acts").

2.      Plaintiff brings this action on behalf of herself and all other similarly situated hourly-paid, non-exempt workers to recover overtime wages they are owed (plus liquidated

damages, attorneys' fees, and costs) as a result of Defendants' unlawful policy of excluding additional compensation from the workers' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA. *See* 29 CFR § 778.207.

3. Defendants own and operate Skyview Rehab and Nursing, a rehab and nursing facility that provides short-term rehabilitation and long-term skilled nursing programs to patients and residents.[1]

4. Defendants' hourly-paid, non-exempt workers hold job titles including, *inter alia*, certified nursing assistants.

5. Plaintiff and the putative FLSA collective members are current and former hourly-paid, non-exempt workers and were subject to Defendants' unlawful common policy of paying overtime for hours over 40 in a workweek at rates Defendants calculated without including the additional compensation the workers received (e.g. payments referenced on the workers' paystubs as, *inter alia*, "Shift3 Regular" and "Weekend Shift3"), and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the 'regular rate' of 'all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions).

6. As a result, Defendants failed to pay hourly-paid, non-exempt workers including Plaintiff for all hours worked in excess of 40 in a workweek in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay, in violation of the FLSA and Connecticut Wage Acts.

7. Plaintiff asserts her FLSA claims individually and pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective," defined as:

---

[1] *See* https://skyview-rehab.com.

*All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by any of the Defendants as hourly-paid, non-exempt workers, and received additional compensation that was not included in their overtime rates.*

8. Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt workers of Defendants informing them of their right to assert FLSA claims in this collective action by filing consent forms.

9. Plaintiff asserts her Connecticut Wage Acts claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Connecticut Class," defined as:

*All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by any of the Defendants in Connecticut as hourly-paid, non-exempt workers, and received additional compensation that was not included in their overtime rates.*

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

12. This Court has personal jurisdiction over Defendants because each Defendant's principal place of business is in the State of New Jersey.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.

## THE PARTIES

14. Defendant SV Opco LLC, is a for-profit entity created and existing under and by virtue of the laws of the State of Connecticut.

15. Defendant SV Opco LLC maintains its headquarters in New Jersey.

16. Defendant SV Opco LLC has the following Registered Agent: Michelle C Quattrocchi, 51 Warrington Round, Danbury, Connecticut 06810.

17. Defendant SV Opco LLC owns Skyview Rehab and Nursing.

18. Defendant RegalCare Management Group LLC is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

19. Defendant RegalCare Management Group LLC maintains its headquarters in New Jersey.

20. Defendant RegalCare Management Group LLC has the following Registered Agent: VCorp Services, LLC, 67 Burnside Avenue, East Hartford, Connecticut 06108.

21. Defendant RegalCare Management Group LLC operates Skyview Rehab and Nursing.

22. Eliyahu Mirlis (a.k.a. Eli Mirlis; hereinafter "Mirlis") is the principal of Defendant SV Opco LLC.

23. Mirlis is the CEO of RegalCare Management Group LLC.[2]

24. Defendants SV Opco LLC and RegalCare Management Group LLC have both listed 5 Barlow Road, Edison, New Jersey 08817 as an address associated with their business during the relevant period.

25. Mirlis' regalcare.com email address is listed as the contact email for SV Opco LLC on an Operations Transfer Agreement dated April 31, 2019.

26. Plaintiff Jessica Carter is a resident of the County of New Haven and State of Connecticut.

---

[2] *See* https://elimirlis.com

4

27. Plaintiff was employed by Defendants as an hourly-paid, non-exempt Certified Nursing Assistant from approximately September 2021 through May 2024.

28. Plaintiff worked at Defendants' facility in Wallingford, Connecticut.

29. Plaintiff's written consent to become an FLSA party plaintiff is filed hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

30. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

31. Defendants provide short-term rehabilitation and long-term skilled-nursing-care programs to patients and residents.

32. Defendants employ hourly-paid, non-exempt workers in its facility.

33. The job duties of the hourly-paid, non-exempt workers Defendants employ in their facility include, *inter alia*, patient care and charting.

34. Defendants' hourly-paid, non-exempt workers hold job titles including, *inter alia*, certified nursing assistants.

35. Defendants' hourly-paid, non-exempt workers worked over forty (40) hours in most workweeks.

36. Defendants paid its hourly-paid, non-exempt workers an hourly rate of pay.

37. Defendants also paid its hourly-paid, non-exempt workers overtime premium compensation for hours worked in excess of forty (40) in a workweek.

38. Defendants also paid its hourly-paid, non-exempt workers additional compensation in addition to their base hourly wages, including shift premium compensation.

39. Defendants used the codes including, *inter alia*, "Shift3 Regular" and "Weekend

Shift3" to refer to additional compensation on the hourly-paid, non-exempt workers' paystubs.

40. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108.

41. Defendants did not include additional compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

42. Accordingly, in weeks in which Defendants' hourly-paid, non-exempt workers worked in excess of forty (40) hours and earned both overtime and additional compensation, the overtime premium compensation they received was calculated at a lower than time-and-a-half of their regular rates of pay, in violation of the FLSA and Connecticut Wage Acts.

43. Defendants were and are required to include such additional compensation in each worker's "regular rate of pay," for purposes of calculating the overtime premium compensation. *See* 29 U.S.C. § 778.203 (providing that if "extra compensation … paid for work on Saturdays, Sundays, holidays, or regular days of rest or on the sixth or seventh day of the workweek" is paid at a rate lower than time-and-a-half of the employee's regular rate of pay, "the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due…."); § 778.207(b) (providing that "nightshift differentials" must be included in the regular rate regardless of the rate at which they are paid).

44. Defendants did not include such additional compensation in hourly-paid, non-exempt workers "regular rate of pay," for purposes of calculating overtime premium compensation.

45. For example, in the pay period of April 27, 2024 to May 3, 2024, Plaintiff was paid:

    a. 40.00 hours of Regular pay at a rate of $20.4000 per hour, equating to $816.00;

    b. 8.25 hours of Overtime pay at a rate of $30.6000 per hour, equating to $252.45; and

  c. $129.64 in compensation labelled Over Shiff Dif, Shift3 Regular, Weekend, Weekend Shift2, and Weekend Shift3.

46. Had Defendants properly included the $129.64 compensation in Plaintiff's regular rate of pay in the pay period ending May 3, 2024, they would have paid her $11.08 in overtime premium compensation in addition to the $252.45 it paid her as Overtime.

47. However, as an example, in the pay period ending May 3, 2024 Defendants did not incorporate the $129.64 compensation into the overtime calculation.

48. Thus, Defendants have shorted the Plaintiff a portion of her overtime compensation.

49. Defendants were aware of, and/or recklessly disregarded the possibility that it was required to include such additional compensation in each worker's "regular rate of pay," for purposes of calculating his or her overtime premium compensation, but failed to do so.

50. Defendants willfully violated the FLSA.

51. Defendants willfully violated the Connecticut Wage Acts.

52. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

54. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of:

*All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by any of the Defendants as hourly-paid, non-exempt workers, and received additional compensation that was not included in their overtime rates.*

Plaintiff reserves the right to amend this definition as necessary.

55. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action.

56. Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

57. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

58. Plaintiff seeks to send notice to all similarly situated hourly-paid, non-exempt workers as provided by 29 U.S.C. § 216(b) and supporting case law.

59. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

60. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

61. Plaintiff and the putative FLSA collective members demand a trial by jury.

**CLASS ACTION ALLEGATIONS**

62. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

63. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All persons who are or were, at any time within the period of 3 years preceding the commencement of this action through the date of judgment, employed by any of the Defendants in Connecticut as hourly-paid, non-exempt workers, and received additional compensation that was not included in their overtime rates.*

Plaintiff reserves the right to amend this definition as necessary.

64. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonable estimates that there are more than twenty-five (25) Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

65. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Rule 23 Class members worked more than forty (40) hours per week;

   b. Whether Rule 23 Class members were paid additional compensation;

   c. Whether Defendants failed to include Rule 23 Class members' additional compensation in its calculation of Rule 23 Class members' regular rates of pay for purposes of calculation and payment of Rule 23 Class members' overtime compensation;

   d. Whether Defendants' conduct was willful and/or not in good faith.

66. Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiff's Connecticut Wage Act claims arise from

the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Class members.

67. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits.

69. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

70. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shade Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

71. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

72. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

73. 29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

74. Defendants employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt workers.

75. Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

76. Defendants were and continue to be and operate an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

77. Defendants were and continue to be engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution.

78. Defendants were and continue to operate as an enterprise that has employees engaged in commerce or in the production of goods for commerce, and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

79. Defendants were and continue to operate a facility that provides short-term rehabilitation and long-term skilled-nursing-care programs to patients and residents.

11

80. Defendants knowingly "suffered or permitted" Plaintiff and hourly-paid, non-exempt workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

81. Defendants hired hourly-paid, non-exempt workers and determined the rate and method of the payment of their wages.

82. Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid, non-exempt workers.

83. Plaintiff and the FLSA Collective members worked over forty (40) hours in most workweeks.

84. Defendants did not include additional compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

85. As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay Plaintiff and the FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

86. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

87. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

88. As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### Violation of Conn. Gen. Stat. § 31-60(a)
### (Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)
### Failure to Pay Overtime Wages

89. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

90. Defendants were an "employer" of Plaintiff and the other members of the Rule 23 Connecticut Class, for purposes of the Connecticut Wage Acts.

91. Plaintiff and the other members of the Rule 23 Connecticut Class were "employees" of Defendants, for purposes of the Connecticut Wage Acts.

92. Defendants employed Plaintiff and the other members of the Rule 23 Connecticut Class.

93. Defendants required Plaintiff and the other members of the Rule 23 Connecticut Class to work over forty (40) hours in most weeks.

94. Defendants failed to pay Plaintiff and the other members of the Rule 23 Connecticut Class for all hours in excess of forty (40) at 1.5 times their regular rate of pay, as alleged herein. *See* Conn. Gen. Stat. § 31-60(a).

95. Conn. Gen. Stat. § 31-76(b) provides that as a remedy for a violation of Conn. Gen. Stat. § 31-60(a), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) and punitive damages, plus pre-judgment interest, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant, as follows:

(A) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b)

with respect to the FLSA claims set forth herein (Count I);

(B) Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

(C) Declaring that Defendants' policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, and that said violations were intentional, willfully oppressive, fraudulent, and malicious;

(D) Declaring that Defendants violated the Connecticut Wage Acts, and that said violations were intentional, willfully oppressive, fraudulent, and malicious;

(E) An Order for injunctive relief ordering Defendants to comply with the FLSA and Connecticut Wage Acts and end all of the illegal wage practices alleged herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

(G) Designating Plaintiff as the representative of the FLSA Collective in this action, and undersigned counsel as Class counsel for the same;

(H) Designating Plaintiff as the representative of the Rule 23 Connecticut Class, and undersigned counsel as Class counsel for the same;

(I) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA

Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(J) Judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the FLSA Collective and Rule 23 Class the full amount of damages including all unpaid wages, liquidated damages, interest, and penalties available by law;

(K) Awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective and the Rule 23 Class on these damages;

(L) An incentive award for the Plaintiff for serving as a representative of the FLSA Collective and Rule 23 Connecticut Class;

(M) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

(N) Judgment for any and all civil penalties to which Plaintiff and members of the collective and class may be entitled; and

(O) Awarding such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA Collective members, by and through undersigned counsel, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: September 23, 2024

RESPECTFULLY SUBMITTED,

By: /s *Nicholas Conlon*
Nicholas Conlon
Eric Sands*
Brown, LLC
111 Town Square Pl Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
eric.sands@jtblawgroup.com

*Application for Admission Pro Hac Vice Forthcoming

*Counsel for Plaintiff*